FILED

2006 Oct-30  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PEAGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:05-cv-01914-LSC-JEO |
| | ) | |
| KATRINA RAWLINSON and TERESA DOMEC, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION</u>

The plaintiff brings this action pursuant to 42 U.S.C. § 1983.  He alleges that the defendants unlawfully interfered with his legal mail on November 9, 2005, while he was incarcerated at the Bibb County Correctional Facility.  On September 18, 2006, the magistrate judge assigned this matter entered a report and recommendation finding that summary judgment was due to be granted on the plaintiff's final claim.  The plaintiff has filed objections to the findings and conclusions of the magistrate judge.

The plaintiff asserts that he and inmate James Robinson had a pending lawsuit in Montgomery County Circuit Court challenging the calculation of good time credit in the Alabama prison system.  He also asserts that the letter at issue in this case that was confiscated and purportedly destroyed by the defendants was written to State Senator Earl Hillard and concerned the pending lawsuit.  He further asserts that Robinson was assisting him in the lawsuit. The defendant's special report asserts that the letter improperly was sent by inmate Robinson, using the plaintiff's name and mailing privilege because he (Robinson) had expended all of his mailing resources for the week.  According to the special report, when Domec questioned the plaintiff about the letter, he did not know what it contained and he stated that his name had been

forged.  The plaintiff responds that he gave Robinson full authority to address mail to the court and other state authorities.  (Doc. 31, Peagler Aff. at pp. 1-2).  He further states in his objections to the report and recommendation that the defendants' actions "caused or contributed to" the dismissal of his lawsuit.  (Doc. 32 at p. 2).

After carefully reviewing and considering *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be adopted and his recommendation that summary judgment be granted is due to be accepted.  The court expressly finds that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' special report is due to be and hereby is deemed a motion for summary judgment, and the same is due to be granted and this actions dismissed with prejudice.

In so finding, the court particularly notes that the plaintiff has not disputed the fact that defendant Rawlinson was not involved in the purported constitutional violation.  (See Doc. 31, 32 & 35).  There is no evidence that Rawlinson violated any constitutional right of the plaintiff. With regard to the claim against Domec, the plaintiff has failed to demonstrate that she destroyed the letter or that he suffered any prejudice as a result of her actions.  Specifically, the unchallenged evidence shows that Domec forwarded the letter to the Intelligence and Investigations Division of the Alabama Department of Corrections.  Thus, her actions do not amount to a constitutional deprivation.  Still further, the plaintiff merely alleges that his lawsuit was dismissed, at least in part, because of Domec's actions.  What the plaintiff fails to allege, much less demonstrate, is how the failure to mail the letter impacted the pending litigation.[1]

---

[1] The court fails to see any way in which a letter to an elected official could have impacted the ultimate decision in the pending state court action.

*Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988) (citing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)) ("a cause of action may be stated under 42 U.S.C. § 1983 for prison officials' intentional withholding of mail destined for the courts, where it is also alleged that the intentional delay damaged the prisoner's legal position").  Despite being afforded an opportunity to allege and demonstrate the prejudice, the plaintiff has failed to do so.

A final judgment will be entered in accordance with these findings.

Done this 30th day of October 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153

3